UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS JOHNSON,

        Plaintiff,                        Civil No. 07-1121-HA

        v.                            OPINION AND ORDER

COMMISSIONER of Social Security,

        Defendant.

_____

HAGGERTY, Chief Judge:

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the

Act).  Plaintiff requests judicial review of a final decision by the Commissioner of the Social

Security Administration (SSA) denying his application for disability insurance benefits (DIB)

and Supplemental Security Income (SSI) payments.  He seeks an order reversing the

Commissioner's decision and remanding this case for an award of benefits.  This court has

jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).  After reviewing the record of this case

and evaluating counsel's arguments, this court concludes that the Commissioner's decision must

be reversed and this case remanded for an award of benefits.

1  - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed his applications for DIB and SSI benefits on May 28, 2004. Tr. 15, 62-66, 305-08.[1]  He claims he has been disabled since May 31, 2002.  Tr. 62, 306.  His alleged impairments include post-traumatic stress disorder (PTSD), bipolar disorder, personality disorder, back pain, and shoulder joint pain.  Tr. 70-71.

Plaintiff's applications were denied initially and upon reconsideration.  Tr. 30-32, 34-37, 294-96, 298-302.  An administrative law judge (ALJ) conducted a hearing on July 11, 2006, at which two witnesses testified: plaintiff, who was represented by an attorney, and vocational expert (VE) Francene Geer.  Tr. 309-59.

On August 25, 2006, the ALJ issued a decision finding that there were a significant number of jobs in the national economy that plaintiff could perform in light of his residual functional capacity (RFC).  Tr. 15-26.  Plaintiff was found not disabled within the meaning of the Act.  Tr. 26.  The Appeals Council denied plaintiff's request for review, rendering the ALJ's conclusions the Commissioner's final decision.  Tr. 6-8.

## FACTUAL BACKGROUND

Plaintiff was born on June 2, 1972.  Tr. 24.  He has completed either the sixth grade or the seventh grade.  Tr. 24, 77.  Plaintiff has work experience as a cashier stocker, an exterminator, and an insulation installer.  Tr. 71, 346-48.  He last worked in March 2003.  Tr. 17, 253.  Other details regarding plaintiff's history and health status will be addressed below as necessary to this court's ruling.

---

1       Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

2   - OPINION AND ORDER

**STANDARDS**

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings).

The Listings describe, for each of the major body systems, impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The claimant has the burden of producing medical

evidence that establishes all of the requisite medical findings. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's RFC, which is the most an individual could do in a work setting despite the total limiting effects of all the claimant's impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) and Social Security Ruling (SSR) 96-8p.

Then the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Hoopai*, 499 F.3d at 1074-75 (citations omitted).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. *See* 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097-98 (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations and quotations omitted). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted).

A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Benton*, 331 F.3d at 1035.

5  - OPINION AND ORDER

## SUMMARY OF THE ALJ'S FINDINGS

At step one of the sequential analysis, the ALJ found that plaintiff had worked after his alleged onset date, but had not engaged in SGA since his alleged disability onset date.  Tr. 17-18.

At step two, the ALJ found that plaintiff suffered from the following severe impairments: personality disorder, possible bipolar disorder, left carpal tunnel syndrome, and right shoulder tendonitis.  Tr. 18.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment in the Listing of Impairments.  Tr. 19-20.  The ALJ determined that plaintiff had the RFC "to perform light work with the avoidance of repetitious use of the right arm overhead; a limitation to unskilled work with no close work with coworkers, no work with the public, with the preferable job being one in which the claimant is able to work alone."  Tr. 20.

At step four, the ALJ found that plaintiff was not able to perform his past relevant work. Tr. 24.

At step five, the ALJ found that in light of plaintiff's RFC, plaintiff could perform work existing in significant numbers in the national economy.  The ALJ relied upon testimony from the VE that suggested plaintiff could work as an electronics worker, folding machine operator, and motel cleaner.  Tr. 25, 349-51.  Accordingly, the ALJ was compelled to conclude that plaintiff was not eligible for disability benefits.

## QUESTION PRESENTED

Plaintiff contends that this court should reverse the Commissioner's final decision and remand this action for an award of benefits.  Plaintiff alleges five primary arguments:  that (1)

6   - OPINION AND ORDER

his mental impairments should be construed as meeting or equaling Listing 12.04 in the Listing

of Impairments and that therefore he should be construed as *per se* disabled; (2) the ALJ

improperly found plaintiff's testimony less than credible; (3) the ALJ erred in the evaluation of

lay testimony; (4) the ALJ improperly rejected the opinions of plaintiff's physicians; and (5) the

ALJ's analysis at step five was erroneous.

All of plaintiff's arguments have been considered.  Because this court concludes that the

ALJ erred in evaluating plaintiff's impairments, this action is remanded for an award of benefits.

## DISCUSSION

As summarized above, the ALJ found that plaintiff's personality disorder and bipolar

disorder caused a "mild restriction of activities of daily living, moderate difficulties in

maintaining social functioning, moderate difficulties in maintaining concentration, persistence

and pace, and no episodes of decompensation of extended durations.  With these functional

limitations, the claimant does not fulfill the 'B' criteria and therefore does not meet any of the

mental listings."  Tr. 20.

The ALJ supported these conclusions by relying upon a report from a non-examining

Agency physician, Dr. Peter LeBray, Ph.D.  Doctor LeBray reviewed the evidence in the record

and issued a report that assessed plaintiff's functional limitations under paragraph B as mild to

moderate.  Tr. 275 ("B" criteria, findings of mild and moderate limitations); Tr. 280-85 (mental

residual functional capacity assessment).

The ALJ's decision to rely upon Dr. LeBray's review discounted the opinions and

conclusions proffered by other physicians and therapists who have examined plaintiff.

Psychologist Associate Donald McArthur was retained to determine whether plaintiff might pose

a danger to his partner.  Tr. 237.  McArthur conducted a four-hour examination of plaintiff on

September 4, 2002, and concluded that plaintiff suffers from a "significant degree" of emotional

instability (McArthur referred to "emotional lability").  Tr. 162 (full report provided at Tr. 159-

63).  McArthur diagnosed symptoms of PTSD and bipolar disorder.  Tr. 163.  McArthur later

declined to evaluate plaintiff for disability, but offered his "impression" that plaintiff "might well

merit" a determination of disability.  Tr. 237.

On September 18, 2004, Dr. Raymond P. Nolan, Ph.D., conducted a "disability

determination" examination.  Tr. 238-40.  He concluded that plaintiff's presentation was

"consistent with bipolar disorder."  Tr. 240.  He opined that successful employment required

"appropriate intervention and management" of the bipolar disorder, noting in particular the

"untreated manic component of bipolar disorder."  *Id.*

Plaintiff was referred by the Oregon Department of Human Services to Dr. RoseMarie

Reynolds, Ph.D., for a psychological examination because of his application for benefits.  Tr.

242.  On September 22, 2004, Dr. Reynolds diagnosed probable Bipolar I Disorder, Personality

Disorder NOS.  Tr. 246.  She concluded that plaintiff was incapable of handling funds, and that

he suffered moderate to severe limitations in the ability to persist, mild to moderate limitations in

the ability to understand and remember instructions, and severe limitations in his ability to

engage in appropriate social interactions.  Tr. 247.  She surmised that it is "doubtful that he

would be functioning well living on his own."  *Id.*

The ALJ acknowledged each of these professional opinions in his decision.  Tr. 18.  The

ALJ also noted that Dr. LeBray omitted any reference to bipolar disorder, and that Dr. Nolan's

opinion was entitled to greater weight. *Id*. the ALJ proceeded to conclude that "claimant's bipolar disorder is a 'severe impairment.'" *Id*.

More weight generally should be given to the opinions of physicians who examine a claimant than to the opinions of non-examining agency review physicians, who review written medical records, but do not conduct physical examinations themselves. *See* 20 C.F.R. § 404.1527(d)(1). Nevertheless, despite recognizing plaintiff's bipolar disorder as a severe impairment and acknowledging that greater weight is given to examining physicians' opinions than to opinions derived from a review of medical records, the ALJ relied upon Dr. LeBray's determinations regarding plaintiff's functional limitations. Tr. 20.

The court concludes that such reliance was error. The opinions of Dr. LeBray regarding the functional limitations that arise from plaintiff's severe impairment from his bipolar disorder are of limited value. Not only are the other professional opinions enriched by the fact that they were derived after examinations of plaintiff, but – as the ALJ noted – Dr. LeBray did not even list bipolar disorder when completing his psychiatric review technique form. Tr. 18.

Moreover, Dr. LeBray's conclusions were bereft of substantive supporting explanations. This diminishes the weight to which his opinions are entitled. *See* 20 C.F.R. § 404.1527(d)(3) (the more a medical source presents relevant evidence to support an opinion, "particularly medical signs and laboratory findings, the more weight we will give that opinion"). The ALJ failed to mention any evidence that supported Dr. LeBray's conclusions, or explain why those opinions were persuasive.

Doctor LeBray dismissed opinions from Drs. Nolan and Reynolds because he viewed the opinions as "inconsistent with substantial evidence in the record," and "based on input from the

9  - OPINION AND ORDER

claimant, a discredited source." Tr. 285. These rationalizations are unpersuasive as "supporting explanations" for Dr. LeBray's assessment of plaintiff's functional limitations, especially in light of Dr. LeBray's failure to even list plaintiff's bipolar disorder, which the ALJ recognized as a severe impairment.

Because of the errors that occurred at step three, including the implied rejections of the functional limitation findings by Drs. Reynolds and Nolan, the only remaining issue presented is whether the remand that is necessitated should result in further analysis or an award of benefits. Essentially the error occurring at step three that caused the ALJ to overlook that plaintiff's impairments met or equaled listed impairment 12.04 amounts to an improper rejection of the opinions of examining physicians. When the Commissioner provides inadequate reasons for rejecting the opinions of a examining physician, those opinions are generally credited as true as a matter of law. *Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006) (citations omitted)*; see also Benecke*, 379 F.3d at 594. Based upon the administrative record before the court, there is no doubt that crediting the opinions of Drs. Reynolds and Nolan compels a finding that plaintiff is disabled.

As noted above, 42 U.S.C. § 405(g) provides jurisdiction for this court to review administrative decisions in Social Security benefits cases. While the first two sentences of Section 405(g) establish this court's jurisdiction, the fourth and sixth sentences of Section 405(g) set forth the exclusive methods by which district courts may remand an action to the Commissioner. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

Sentence four provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" and is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (quoting 42 U.S.C. § 405(g) and citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)). "A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of awarding attorney's fees . . . even when the case has been remanded for further administrative action. *Id.* (citing *Schaefer*, 509 U.S. at 297-302).

The issues presented here compel a remand under sentence four. The decision whether to remand under sentence four for further proceedings or for immediate payment of benefits is within the discretion of the court. *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). "[A] remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The rule recognizes "the importance of expediting disability claims." *Id.* "[I]n cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would needlessly delay effectuating the primary purpose of the Social Security Act, 'to give financial assistance to disabled persons because they cannot sustain themselves.'" *Id.* (quoting *Gamble v. Chater*, 68 F.3d 319, 322 (9th Cir. 1995)).

A reviewing court should credit evidence and remand for a finding of disability and an award of benefits if: (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues to be resolved before a determination of disability

can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence in question were credited. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

Under these standards, a remand for a finding of disability and an award of benefits is appropriate here. When evaluating the respective opinions and conclusions of Drs. Reynolds, Nolan, and LeBray with the proper weight of those opinions assessed, it is clear from the record that plaintiff's severe impairments meet or equal listed impairment 12.04(3): bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes), and that this impairment results in marked restriction of activities of daily living, and/or marked difficulties in maintaining social functioning; and/or marked difficulties in maintaining concentration, persistence, or pace.

When it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence in question were credited, additional proceedings are unnecessary to determine plaintiff's entitlement to benefits. *See Smolen*, 80 F.3d at 1292 (remanding for an award of benefits is appropriate where the record is fully developed, and further proceedings "would serve no useful purpose"); *see also Lester*, 81 F.3d at 834 (if evidence that was improperly rejected demonstrates that claimant is disabled, court should remand for payment of benefits). Permitting the Commissioner a further opportunity to amend findings to comport with the denial of disability benefits is not in the interests of justice. *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

12 - OPINION AND ORDER

The record presented establishes that plaintiff cannot perform any SGA that exists in the national economy, and the case need not be returned to the ALJ. *Benecke*, 379 F.3d at 595. "Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Id*. (citations omitted). As the *Benecke* court summed up:

> Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand.

*Benecke*, 379 F.3d at 595 (citations and internal quotations omitted).

## **CONCLUSION**

Given the foregoing, there are no outstanding issues in this matter that require resolution. The court concludes that the record is fully developed and that further administrative proceedings would serve no useful purpose. Under the applicable standards, after giving the evidence in the record the effect required by law, this court find that plaintiff is unable to engage in any substantial gainful activity by reason of his impairments, and he is disabled under the Act. The final decision of the Commissioner is reversed, and this case is remanded to the Commissioner for the proper calculation and award of DIB and SSI benefits to plaintiff Dennis Johnson.

IT IS SO ORDERED.

DATED this __24__ day of September, 2008.

                          __/s/ ANCER L. HAGGERTY____
                           ANCER L. HAGGERTY

13 - OPINION AND ORDER

United States District Judge

14 - OPINION AND ORDER